[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS
Upon considering all materials filed by the parties in support of and in opposition to the Defendant's Motion to Dismiss dated August 9, 2002, as well as the oral arguments of counsel on that Motion, the Court hereby ORDERS, for the following reasons, that said MOTION be GRANTED:
1. To prevail on a motion to dismiss for lack of personal jurisdiction over a foreign defendant, the plaintiff must prove both that the defendant's conduct brings him within the reach of the appropriate long-arm statute, General Statutes § 52-59b, and that he has sufficient "minimum contacts" with this State to make the exercise of jurisdiction over him constitutional. Goldstein v. Nutrition Now, Inc., WL 639938, at 2 (Conn.Super. 1999) (Sheldon, J.), citing Fuehrer v.Owens-Coming Fiberglass Corp., 673 F. Sup. 1150, 1153 (D.Conn. 1986).
2. Section 52-59b provides in relevant part as follows:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent:
 (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or CT Page 12339 (4) owns, uses or possesses any real property situated within the state.
 (b) Where personal jurisdiction is based solely upon this section, an appearance does not confer personal jurisdiction with respect to causes of action not arising from an act enumerated in this section.
 (c) Any nonresident individual, or foreign partnership, or his or its executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual or foreign partnership, or his or its executor or administrator, may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual or foreign partnership personally. The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State. The officer serving such process upon the Secretary of the State shall leave with the Secretary of the State, at the time of service, a fee of twenty-five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in any such action. The Secretary of the State shall keep a record of each such process and the day and hour of service.
3. In this case, the plaintiff claims that this Court has jurisdiction over the defendant because he has "transact[ed] . . . business within the state," within the meaning of General Statutes § 52-59b (a)(1).
4. The basis for the plaintiffs claim that the defendant has "transact[ed] business" in this State is the so-called Consulting Marketing Agreement ("CMA") which the defendant, a citizen and resident of the Hashemite Kingdom of Jordan ("Jordan"), signed in Jordan and CT Page 12340 allegedly violated. Under the CMA, the defendant agreed that he would solicit business on behalf of the plaintiff, a Delaware corporation with its principal place of business in Hartford, Connecticut, in the United Arab Emirates ("UAE"), the Kingdom of Saudi Arabia ("Saudi Arabia"), and such other countries as the parties might from time to time designate (collectively "the Territory"). The CMA did not indicate that any part of the parties' agreement would be performed in the State of Connecticut, did not require the defendant to perform any work in Connecticut, and did not indicate that the defendant, by signing the contract or performing work thereunder, was consenting to be hailed into court in this State.
5. Consistent with the CMA, the defendant has averred, inter alia, that he has never transacted business in Connecticut. This averment is uncontradicted, as the plaintiff has submitted no affidavit in opposition to the defendant's motion.
6. Against this background, the Court concludes that the plaintiff has failed to carry its burden of proving that the conduct of the defendant brings it within the reach of § 52-59 (a)(1). The defendant's motion to dismiss must therefore be GRANTED.
IT IS SO ORDERED this 26th day of September, 2002.
 ___________________, J. Michael R. Sheldon
CT Page 12341